E.T. v Diocese of Brooklyn (2025 NY Slip Op 06351)

E.T. v Diocese of Brooklyn

2025 NY Slip Op 06351

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-02899
 (Index No. 400044/20)

[*1]E.T., respondent, 
v
Diocese of Brooklyn, appellant, et al., defendant.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Robert M. Ortiz, Jeremy S. Rosof, Nicholas Tam, and Timothy M. Gallagher of counsel), for appellant.
Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Jason Rubin, and Vanessa Neal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, appeals from an order of the Supreme Court, Queens County (Laurence L. Love, J.), dated February 14, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, to produce certain unredacted pages of a clergy file and denied that branch of the cross-motion of the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn, which was pursuant to CPLR 3103(a) for a protective order preventing disclosure of those pages of the clergy file.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the defendant Roman Catholic Diocese of Brooklyn, New York, sued herein as Diocese of Brooklyn (hereinafter the Diocese). The plaintiff sought to recover damages for negligence, alleging that he was sexually abused by a priest, Father James O'Brien, in 1963 or 1964 when the plaintiff was approximately 16 years old. The complaint alleged, inter alia, that the Diocese knew or should have known of O'Brien's propensity to abuse children.
As part of discovery, the Diocese served a redacted copy of O'Brien's clergy file, and a redaction and privilege log. The plaintiff thereafter moved to compel the Diocese to produce an unredacted copy of the clergy file. The Diocese cross-moved pursuant to CPLR 3103(a) for a protective order preventing the disclosure of the redacted portions of the clergy file. The Supreme Court subsequently conducted an in camera review of the unredacted clergy file. In an order dated February 14, 2023, the court, among other things, granted that branch of the plaintiff's motion which was to compel the Diocese to produce certain unredacted pages of the clergy file and denied that branch of the Diocese's cross-motion which was for a protective order with respect to those pages of the clergy file. The Diocese appeals.
For reasons explained in a related appeal (see Maida v Diocese of Brooklyn , _____ [*2]AD3d _____ [Appellate Division Docket No. 2023-03183; decided herewith]), we affirm the order insofar as appealed from.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court